UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. JOHNSTON,

        Petitioner,               Case Number: 00-73381

v.                                         HONORABLE VICTORIA A.
                                              ROBERTS

MARY BERGHUIS,

        Respondent.
        _____/

**ORDER DENYING PETITIONER'S "INDEPENDENT ACTION
RULE 60(D)(1)(3) MOTION FOR RELIEF FROM JUDGMENT"
AND DENYING CERTIFICATE OF APPEALABILITY**

**I.  Introduction**

Petitioner James M. Johnston is a Michigan prisoner serving a sentence of fifty to one hundred years of imprisonment.  In May 1997, Johnston pleaded guilty to five counts of third-degree criminal sexual conduct and to being a fourth habitual offender.  He was initially sentenced to ten to fifteen years of imprisonment on each count, but those sentences were set aside, and he was sentenced to fifty to one hundred years of imprisonment on the fourth habitual offender conviction.  In 2000, Johnston filed a habeas corpus petition.  This Court denied the petition and denied Johnston a certificate of appealability.  (Dkt. # 32, # 38).  The Sixth Circuit Court of Appeals also denied a certificate of appealability.  (Dkt. # 42).  Now before the Court is Johnston's "Independent Action FRCP Rule 60(d)(1)(3) Motion for Relief from Judgment."  For the

reasons that follow, the Court denies the motion and declines to issue a certificate of appealability.

## II. Discussion

In his motion, Johnston contends that a fraud was committed upon the Court in connection with his habeas corpus petition. He claims the fraud arose from the State's allowing a sexual assault victim to give perjured testimony during the preliminary examination and not revealing the perjury in response to the habeas petition. Johnston contends that DNA evidence not previously available to him shows that no semen was detected on swabs collected from the victim and no semen or hair evidence was found on the victim's clothing. He argues that this establishes that the victim's testimony was false and that he is innocent.

> Rule 60(d) grants a court the power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

An independent action under Rule 60(d)(1) is "'an independent action in equity to obtain relief from a judgment.'" *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973)). It is "'available only to prevent a grave miscarriage of justice.'" *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). A "grave miscarriage of justice" is a

"stringent and demanding standard." *Id.* (internal citations omitted). To establish that relief is required to prevent a grave miscarriage of justice in a habeas corpus case, the petitioner "must make a strong showing of actual innocence." *Id.* at 595-96.

Before filing the pending motion in this Court, Johnston sought authorization to file a second or successive petition from the Sixth Circuit Court of Appeals on the ground that the same DNA evidence relied on in his pending motion demonstrates his actual innocence. The Sixth Circuit Court of Appeals denied Johnston's motion, finding that the DNA evidence was insufficient to satisfy the strict actual innocence standard. *In re Johnston*, No. 14-1523, slip op. at 3 (6th Cir. Sept. 8, 2014). The law-of-the-case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or implicitly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010). This Court, therefore, may not reconsider Johnston's claim that the DNA evidence establishes his innocence.

Moreover, Johnston fails to show a fraud on the Court. Rule 60(d)(3) provides that a judgment may be attacked for fraud on the court. The Sixth Circuit has described "fraud on the court" as "'egregious conduct involving a corruption of the judicial process itself.'" *Gen. Medicine, PC v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the

3

court.'" *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010), (quoting *Carter v. Anderson*, 585 F.3d 1007, 1111 (6th Cir. 2009)).  Johnston cannot make this showing because the absence of DNA evidence linking him to the assault does not mean that the victim's testimony was false, nor does it, by implication, show that the State misrepresented facts in its response to the habeas petition.

### III.  Conclusion

For these reasons, the Court denies Johnston relief under Rule 60(d).  The Court declines to issue Petitioner a certificate of appealability with respect to this decision, as jurists of reason could not disagree with the Court's ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court DENIES Petitioner's "Independent Action FRCP Rule 60(d)(1)(3) Motion for Relief from Judgment" (dkt. # 47) and denies a certificate of appealability.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: December 3, 2014